IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Connell Brown, | ) | C/A No. 2:16-cv-01311-MBS |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Dorchester County South Carolina, | ) | |
| Defendant. | ) | |

Plaintiff Connell Brown, brought the underlying action against Defendant Dorchester County of South Carolina, alleging that he was maliciously prosecuted for an armed robbery in violation of his rights under the Fifth and Fourteenth Amendments. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Mary Gordon Baker for pretrial handling. This matter is now before the court on the Magistrate Judge's Report and Recommendation filed on November 29, 2017, recommending that the court grant Defendant's motion to dismiss or in the alternative motion for summary judgment, ECF No. 40, to which Plaintiff filed objections on December 13, 2017, ECF No. 41.

I.  RELEVANT FACTS AND PROCEDURAL HISTORY

On February 25, 2012, Plaintiff alleges that an armed robbery took place on 8441 West Saddlebrook Drive, North Charleston, South Carolina, at approximately 11:21 p.m. Compl. ¶ 1. Plaintiff claims that he had oral surgery earlier that day, had ingested pain medication, and was sleeping at his mother's house on or about 11:00 p.m. that night. Compl. ¶¶ 2-3. Plaintiff alleges several North Charleston police officers "repeatedly knocked on the door demanding entrance" to his mother's apartment. Compl. ¶ 4. The apartment was selected based on a K-9 alert. Compl. ¶ 5. Once Plaintiff opened the door he was arrested without any explanation. Compl. ¶ 6. Plaintiff was

then brought to an outside porch to be identified by an alleged victim who identified Plaintiff as the suspect while he was in handcuffs. Compl. ¶ 7. That identification Plaintiff claims was made by "someone sitting in a police cruiser looking up at the Plaintiff on the second floor balcony." Compl. ¶ 8. Plaintiff was immediately arrested and detained in the Dorchester County Jail. Compl. ¶ 9.

On March 19, 2012, Investigator Alan Kramitz of the North Charleston Police Department amended the incident report to reflect that Plaintiff was not involved in the case. Compl. ¶10. On or about April 2, 2012, Plaintiff asserts the Assistant Solicitor of the First Circuit Solicitor's Office was contacted to dismiss Plaintiff's criminal charge based on the lack of probable cause. Compl. ¶ 11. Plaintiff, however, alleges "Defendant did not dismiss the charges until February 11, 2013, nearly a year after the first contact of the lack of probable cause." Compl. ¶ 13.

On April 11, 2014, Plaintiff submitted a Tort Claim Form to the Clerk of Council of Dorchester County.[1] ECF No. 1-1 at 9-10. The Tort Claim Form listed Plaintiff's date of injury as occurring on February 26, 2012 and claimed $300,000 in damages. *Id*. at 10. Plaintiff listed the cause of damage or injury as follows: "claimant was arrested at his home after being awakened by law enforcement officers and charged with strong armed robbery." *Id*. Additionally, Plaintiff claims that "claimant immediately informed law enforcement that they had made a mistake but had to spend thousands of dollars before charges were dismissed." *Id*. Plaintiff alleges that the government agency is liable because "[t]here was no probable cause for the arrest . . . and [Law Enforcement] took more than one year to have the case dismissed after the witness repudiated his identification." *Id*. In response on April 22, 2014, the Office of The Dorchester County Attorney

---

[1] The court notes that the Tort Claim Form is dated February 3, 2014. However, the cover letter enclosing the Tort Claim Form to the Clerk of Council Dorchester County is dated April 11, 2014.

acknowledged Plaintiff's Tort Claim Form and informed Plaintiff that "the Dorchester County Sheriff's Department had no involvement in this matter." ECF No. 1-1 at 8. The letter also directed Plaintiff to submit the claim to the City of North Charleston. ECF No. 1-1 at 8.

On February 29, 2016, Plaintiff brought the present lawsuit against Defendant in the Dorchester County Court of Common Pleas, South Carolina. Case No. 2016-CP-18-411. Plaintiff argues that "the Assistant Solicitor by his malicious and baseless prosecution prevented the Plaintiff from entering the Merchant Marines due to this pending charge." Compl. ¶ 12. Plaintiff contends that "the First Circuit Solicitor's office continued to prosecute the case after numerous attempts [despite] the lack of probable cause in the arrest by Investigator Kramitz." Compl. ¶ 13. Plaintiff further argues that "the First Circuit Solicitor's Office refused to dismiss the charges against [Plaintiff] until February 2013, nearly a year after it was informed that no case could be maintained against [Plaintiff]." Compl. ¶ 22. Plaintiff asserts there was no warrant for his arrest nor reasonable grounds to believe he had committed a crime.[2] Compl. ¶14. Plaintiff seeks actual, special, and compensatory damages against Defendant. Compl. (Prayer for Relief).

On April 27, 2016, Defendant removed the action to this court pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction. ECF No. 1. Defendant filed an Answer on May 4, 2016, denying Plaintiff's allegations and asserting numerous affirmative defenses. ECF No. 6. On May 1, 2017, Defendant filed a motion to dismiss for failure to state a claim or in the alternative

---

[2] Additionally, Plaintiff alleges the following against Defendant: (1) Plaintiff was interrogated in his home for a long time before being taking to North Charleston City Hall, Compl. ¶ 17; (2) Plaintiff was detained in the wrong county, Charleston County for a day and half instead of being taken to Dorchester County where the incident took place, Compl. ¶¶ 19-20; and (3) Dorchester County through its Solicitor's Office instituted criminal process against Plaintiff with malice, Compl. ¶ 21.

3

motion for summary judgment.[3] ECF No. 31. Defendant argues that Plaintiff's complaint should be dismissed because: (1) even if Plaintiff's complaint is construed as asserting a tort claim or as a constitutional claim pursuant to § 1983, Plaintiff's claims are barred by the statute of limitations; (2) Plaintiff failed to produce evidence that "any custom or policy of the Defendant caused Plaintiff's alleged injury or constitutional rights to be violated;" and (3) to the extent Plaintiff's complaint is construed as alleging a state law cause of action, Plaintiff's complaint should be dismissed pursuant to the South Carolina Tort Claims Act, as Plaintiff failed to produce evidence demonstrating that the First Circuit Solicitor's decision was not an exercise of discretion or judgment. ECF No. 31-1 at 3-8.

On May 15, 2017, Plaintiff filed a response in opposition to Defendant's motion to dismiss, which included an Affidavit from Plaintiff's mother. ECF No. 37. Plaintiff concedes the criminal charges against him were dismissed in February 11, 2013. ECF No. 37-1 at 1. However, Plaintiff argues that the cause of action "for malicious prosecution did not accrue until [Plaintiff] knew about the dismissal of the charges against him." *Id.* at 2. In support thereof, the Affidavit from Plaintiff's mother states that "the Dorchester County Solicitor never presented either her or [Plaintiff] written notice that the criminal charges against [Plaintiff] were dismissed." ECF No. 37-2, Affidavit. Plaintiff's mother further states that "she and [Plaintiff] were not notified that charges were dismissed until March 2013." *Id.*

---

[3] On the same day, Plaintiff filed a motion to amend/correct the complaint without any details as to what Plaintiff sought to amend. ECF No. 32. On May 2, 2017, the Magistrate Judge issued a text order requiring Plaintiff to provide a proposed amended complaint and to include an explanation as to why the amendment should be allowed. ECF No. 33. Defendant filed an opposition on May 15, 2017, arguing that Plaintiff's proposed amendment is untimely; prejudicial since its dispositive motion is pending; and futile. ECF No. 36. On June 7, 2017, the Magistrate Judge issued an order denying Plaintiff's motion to amend. ECF No. 39. The Magistrate Judge found that the deadline to amend the pleadings was October 31, 2016 and that Plaintiff waited until May 1, 2017 to file such motion. *Id.* at 3.

4

On May 22, 2017, Defendant filed a reply asserting that Plaintiff was represented by counsel throughout the criminal proceeding and that his counsel notified him of the dismissal of the charges on the same day they were dismissed. ECF No. 38. Defendant attached a copy of the letter sent from Plaintiff's counsel to Plaintiff on February 11, 2013, notifying him of the dismissal. ECF No. 38-2, Exhibit 2. Defendant further argues that to the extent the court determines that Plaintiff's constitutional claim was preserved, Plaintiff has failed to plead or establish the *Monnell* factors,[4] and that "Defendant is entitled to judicial/quasi-judicial immunity based on the facts alleged." ECF No. 38 at 2.

On November 29, 2017, the Magistrate Judge filed a Report and Recommendation, recommending that Defendant's motion to dismiss or in the alternative motion for summary judgment be granted. ECF No. 40. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of the right to file objections to the Report and Recommendation and the possible consequences if he failed to timely file written objections to the Report and Recommendation. ECF No. 40 at 12. On December 13, 2017, Plaintiff filed objections to the Report and Recommendation. ECF No. 41. Defendant filed a reply to Plaintiff's objections on December 21, 2017. ECF No. 42.

## II. STANDARD OF REVIEW

A. **Magistrate Judge's Findings in Report and Recommendation**

---

[4] In *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978), the Supreme Court held that municipalities and other local governments are "persons" subject to liability for constitutional violations under 42 U.S.C. § 1983. A municipality may only be found liable under section 1983, however, where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision adopted and promulgated by that body's officers." *Monell*, 463 U.S. at 690.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. John*son, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. Motion to Dismiss under 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Lab., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must state 'enough facts to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must treat factual allegations of the nonmoving party as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994).

### C. Motion for Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holding Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catre*tt, 477 U.S. 317, 324 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

### III. DISCUSSION

**A. Magistrate Judge's Report and Recommendation**

The Magistrate Judge recommended that Defendant's motion to dismiss or in the alternative motion for summary judgment be granted. ECF No. 40. The Magistrate Judge concluded that there were at least three grounds for granting Defendant's motion to dismiss. ECF No. 40 at 4-11. First, the Magistrate Judge found that Plaintiff's complaint whether construed as a claim pursuant to § 1983 or under the South Carolina Tort Claims Act is barred by the statute of limitations. ECF No. 40 at 7. The Magistrate Judge found that for a § 1983 claim, the statute of

limitations is three years and for a tort claim pursuant to the South Carolina Torts Claims Act, the statute of limitations is two years. *Id*. at 5. The Magistrate determined that "when Plaintiff instituted the instant action on February 29, 2016, more than three years after the claims accrued, Plaintiff's claims were not timely filed." *Id*. at 7.

Additionally, the Magistrate Judge addressed Plaintiff's allegation that "he did not learn of the charges against him were dismissed until March 2013." *Id*. The Magistrate Judge determined "the discovery rule applies to Plaintiff's claim pursuant to Tort Claims Act as well as a claim pursuant to § 1983." *Id*. at 6. However, the Magistrate Judge concluded that when Plaintiff's counsel sent a dismissal notice to Plaintiff on February 11, 2013, "counsel's knowledge is imputed to the client, such that the Plaintiff is deemed to have notice of the dismissal on February 11, 2013." *Id*. at 7 (citing *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 303 (4th Cir. 2017) ("[U]nder longstanding precedent once an attorney files an appearance on behalf of a client, notice to the attorney is notice to the client.") (citations omitted)).

Second, the Magistrate Judge concluded Plaintiff fails to state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983. ECF No. 40 at 9. The Magistrate Judge noted that in *Monell*, the Supreme Court held that "a municipality or other local government entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom." Id. at 9 (citing *Monell*, 436 U.S. at 694). In light of *Monell*, the Magistrate Judge concluded that "Plaintiff has not alleged any policy or custom of Defendants." ECF No. 40 at 8-9. Therefore, the Magistrate Judge recommends that "to the extent that Plaintiff's complaint asserts a § 1983 claim against Defendant, that claim should be dismissed." *Id*.

Finally, the Magistrate Judge determined to the extent Plaintiff's complaint alleges a state law claim for malicious prosecution, Defendant is immune from such claim. ECF No. 40 at 10. The Magistrate Judge stated that under the South Carolina Tort Claims Act a "government entity is not liable for a loss resulting from: (1) legislative, judicial, or quasi-judicial action or inaction . . . (23) institution or prosecution of any judicial or administrative proceeding . . . ." ECF No. 40 at 9-10 (citing S.C. Code Ann. §§ 15-78-60(1) and 15-78-60(23)). The Magistrate Judge then analyzed whether Plaintiff's allegation falls within these exceptions. ECF No. 40 at 10. The Magistrate Judge noted that "a prosecutor's typical duties are 'judicial' or 'quasi-judicial' in nature . . . a prosecutor, in his official capacity, is immune from a Tort Claims Act suit involving "judicial" or "quasi-judicial" acts, provided a defendant prosecutor raises the affirmative defense of sovereign immunity in his return." *Id.* (citing *Williams v. Condon*, 347 S.C. 227 (S.C. Ct. App. 2001) (noting *McCall by Andrews v. Batson*, 285 S.C. 243, 329 (S.C. Ct. App. 1985), *superseded by statute*, S.C. Code Ann. § 15-78-100(b), as recognized in *Jeter v. S.C. Dep't of Transp.*, 369 S.C. 433 (S.C. Ct. App. 2006). Therefore, the Magistrate Judge concluded that Plaintiff's allegations that "the criminal charges against him were maintained for many months after the Solicitor's Office was made aware that probable cause was lacking . . . falls squarely within § 15-78-60(1) and § 15-78-60(23)," which encompasses judicial or quasi-judicial action or inaction. ECF No. 40 at 10. The Magistrate Judge recommends that Plaintiff's claim pursuant to the South Carolina Tort Claims Act be dismissed. *Id.* at 11.

**B. Plaintiff's Objections to the Report and Recommendation**

Plaintiff contends that the Magistrate Judge erred in recommending the dismissal of Plaintiff's complaint. ECF No. 41. First, Plaintiff asserts that his § 1983 claim and his state claim are within the statute of limitations. *Id.* at 1. Plaintiff maintains that he "did not learn that [the]

criminal action against him was dismissed until March 2013, when the dismissal was filed with the [c]ourt and Plaintiff's arrest record was expunged." *Id*. Plaintiff alleges his damages arise from the inability to join the Merchant Marines due to the pending charges and that [he] could not have joined until his record was expunged in March 2013. *Id*. Plaintiff further claims that "the within action was filed within one year of that date in February 2012."[5] *Id*.

With respect to Plaintiff's malicious prosecution allegation, Plaintiff argues that "under *Monell* . . . [Plaintiff] should at a minimum be allowed to proceed and prove at trial the egregious practice of Dorchester County." ECF No. 41 at 1. In addition, Plaintiff argues that "at the least the prosecutor was grossly negligent and at most purposefully ignoring the rights of Plaintiff . . . [by keeping] alive a prosecution for a year after his own investigator told him, the witness had recanted, and that there was no basis for prosecution of Plaintiff." ECF No. 41 at 2. Therefore, Plaintiff respectfully requests "that the matter be allowed to proceed to trial." *Id*.

C. **Court's Review**

The court finds that Plaintiff's claims pursuant to § 1983 and the South Carolina Torts Claims Act are barred by the statute of limitations. *See Williams v. City of Sumter Police Dep't*, C/A No. 3:09-2486-CMC, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011) (recognizing the statute of limitations in the District of South Carolina for § 1983 claims is three years); *see also* S.C. Code Ann. § 15-78-110 ("[A]ny claim brought pursuant to [South Carolina Torts Claims Act] is forever barred unless an action is commenced within two years after the date of loss or . . . the action is commenced within three years of the date the loss was or should have been discovered."). The

---

[5] The court notes that Plaintiff is unclear when referring to "the within action was filed . . . in February 2012." It appears Plaintiff may be referring to the expungement proceeding. Nonetheless, the court was not provided with documentation with respect to Plaintiff's filings in February 2012. The court notes that the present action was however, filed in February 29, 2016. *See* ECF No. 1-1.

court finds that Plaintiff's complaint was filed on February 29, 2016, after the statute of limitations expired for both his § 1983 claim and tort claim pursuant to South Carolina Torts Claims Act.

Although Plaintiff noted that he did not discover the dismissal until March 2013, the court finds that Plaintiff's counsel, who represented Plaintiff throughout the criminal proceeding, sent Plaintiff a letter informing him the charges were dismissed on February 11, 2013. *See* ECF No. 38-2, Letter to Plaintiff. Thus, the court finds that counsel's knowledge can be imputed to Plaintiff and thus, he had noticed of a claim on February 11, 2013. *See Wells Fargo Bank, N.A.,* 859 F.3d 295, 303 (4th Cir. 2017) (citing *Rogers v. Palmer*, 10 U.S. 263, 267-68 (1880) (explaining that the law presumes that an attorney communicates notice of any matter within the scope of representation to the client)).

With respect to Plaintiff's claim for malicious prosecution under § 1983 and state law claims, the court finds that Plaintiff points to no evidence of a policy or custom that caused Plaintiff's injury. While Plaintiff describes Defendant's action as an "egregious practice," Plaintiff fails to identify any policy or custom to establish Defendant's liability under § 1983. *See* ECF No. 41 at 1; *see also Walker v. Prince George's County*, 575 F.3d 426, 431 (4th Cir. 2009) (finding that a Plaintiff is "obligated to identify a 'policy' or 'custom' that caused [his] injury"). Moreover, the court finds that Plaintiff's objection alleging that the prosecutor was "at the least grossly negligent" is without merit. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson County*, 34 F.3d 345, 351 (6th Cir. 1994) (holding that "[g]ross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'"). To the extent Plaintiff is asserting a gross negligence claim, Plaintiff is barred by the statute of limitations for such claim pursuant to the South Carolina Tort Claims Act. *See O'Berry v. Allendale Police Dep't*, 105 F.3d 648 (defining a gross negligence claim as a claim brought pursuant to the South Carolina Torts Claims Act).

After reviewing the record, the court finds that Plaintiff's objections do not direct the court to a specific error in in the Magistrate Judge's Report and Recommendation. *Orpiano*, 687 F.2d at 47-48. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. After accepting the well-pleaded allegations in Plaintiff's complaint as true and drawing all reasonably factual inferences from those facts in Plaintiff's favor, the court agrees with the Magistrate Judge's recommendation that Defendant's motion to dismiss be granted. The Court finds Plaintiff's factual allegations do not sufficiently state a claim pursuant to 42 U.S.C. § 1983 or pursuant to the South Carolina Torts Claims Act and is untimely.[6]

## IV. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 40. Defendant's motion to dismiss or in the alternative motion for summary judgment is GRANTED. ECF No. 31.

**IT IS SO ORDERED**.

    _/s/ Margaret B. Seymour_____
    Margaret B. Seymour
    Senior United States District Court Judge

Dated: March 15, 2018
Charleston, South Carolina

---

[6] The court is not required to decide whether Defendant is entitled to qualified immunity. *See DiMeglio v. Haines*, 45 F.3d 790, 799 (4th Cir. 1995) ("In many cases where a defendant has asserted qualified immunity, dismissal or even an award of summary judgment may be obviously warranted, based upon existing law, without the court ever ruling on the qualified immunity question.").